**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RONALD F. HOLT<br>2564 Rubiton Ave.<br>Willow Grove, PA 19090,<br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF PHILADELPHIA (Register of Wills)<br>1515 Arch St.<br>Philadelphia, PA 19102;<br>　　　　　　　　　　and<br><br>JOHN P. SABATINA, *Register of Wills*<br>1515 Arch St.<br>Philadelphia, PA 19102,<br>　　　　　　　　　　Defendants. | C.A. No.: _____<br><br>***TRIAL BY JURY DEMANDED*** |

## **COMPLAINT**

Plaintiff, Ronald F. Holt, by and through his undersigned attorneys, files the within Complaint WITH DEMAND FOR TRIAL BY JURY and aver as follows:

### I.　**INTRODUCTION**

1. Plaintiff was an employee of the Register of Wills for Defendant, City of Philadelphia. After the current Register of Wills, Defendant John P. Sabatina, took office in January 2024, he immediately terminated Plaintiff.

2. The conduct of Defendants is a violation of Plaintiff's First Amendment Rights, enforceable in this Court pursuant to 42 U.S.C. § 1983 ("§ 1983").  Plaintiff was terminated because he declined to support Defendant Sabatina's campaign in the 2023 election for Register of Wills. Sabatina replaced Plaintiff with his political supporters.  This "Tammany Hall" style use of political office is unlawful and caused Plaintiff substantial harm.  As the Supreme Court has held *Rutan v. Republican Party of Illinois,* 497 U.S. 62, 64 (1990):

> To the victor belong only those spoils that may be constitutionally obtained. *Elrod v. Burns,* 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976), and *Branti v. Finkel,* 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980), decided that the First Amendment forbids government officials to discharge or threaten to discharge public employees solely for not being supporters of the political party in power, unless party affiliation is an appropriate requirement for the position involved.

3. Party affiliation is not relevant to Plaintiff's position.

## II. PARTIES, JURISDICTION, VENUE

4. Plaintiff/Employee, Ronald F. Holt, is an adult individual, domiciled at the above-referenced address.

5. Defendant/Employer, City of Philadelphia, is the legal entity subject to jurisdiction of this Court. The Office of the Register of Wills is the department in the City of Philadelphia relevant to the Complaint.

6. Defendant/Employer John P. Sabatina is the current officeholder of Register of Wills. He is sued in his official capacity.

7. Defendant Sabatina is a Democrat.

8. This Court has original federal question jurisdiction over Plaintiff's § 1983 claims.

9. Venue is appropriate in this Court because the transactions and occurrence which give rise to this suit all occurred in Philadelphia, Pennsylvania.

10. At all relevant times, Defendants acted under color of law.

## III. FACTUAL ALLEGATIONS

11. On January 2, 2024, Defendant Sabatina assumed office of the Register of Wills.

12. In January 2024, shortly after Sabatina took office, Defendants terminated Plaintiff.

13. This termination was motivated by Plaintiff's political activities, as pled herein.

14. Plaintiff previously served as Register of Wills of Montgomery County.

15. Plaintiff is a prominent Republican. He won the Register of Wills office in Montgomery County as a registered Republican.

16. Plaintiff is a college graduate in business and accounting. He has a paralegal certificate.

17. Plaintiff is and was extremely well qualified to work in the Register of Wills.

18. As a seasoned politician, and with experience in running the Register of Wills in a neighboring county, Plaintiff gave advice to Tracey Gordon in 2019 in her campaign for Register of Wills. Gordon was successful.

19. Gordon hired Plaintiff in or about July 2020.

20. Gordon hired Plaintiff because Plaintiff had extensive knowledge and expertise as a former Register of Wills.

21. Plaintiff accepted the role of Financial Coordinator 2. His annual salary was $68,294.76 when he was terminated.

22. Political affiliation is not an appropriate requirement for Financial Coordinator 2. Financial Coordinator 2 is not a policymaking or confidential role in any way.

23. Gordon ran for reelection in 2023 against Defendant Sabatina. Sabatina won the May 2023 Democratic primary and November 2023 general election.

24. Plaintiff was a prominent supporter of Gordon's reelection efforts.

25. Defendants knew of Plaintiff's political affiliation and support of Gordon.

26. Before Sabatina assumed office, he and his staff complied a "hit list" of politically vulnerable employees. *Exhibit A*, (the "Hit List").

27. The Hit List demonstrates that Sabatina came into office looking for people to fire. This was not for budgetary reasons or for performance – the document states explicitly why Defendants wanted to fire as many people as they could:

- We don't have people lined up for all of these jobs and we need to make sure we use up all the funds set aside in the budget for salary.
- We have enough immediate terminations to allow us several hires in the next two weeks.
- The "immediate" terminations give us 13 positions and more than $650,000 for next week.
- With the next batch of 1-week notices we get 5 positions and $312,000

28. The context of the Hit List could not be clearer. Sabatina knew he could not simply fire everyone and hire his own people – he needed excuses. He dug through the histories of the employees and found pretexts to fire them.

29. This was not for performance; not to trim the budget; not to replace executive level employees. It was to free up cash for Sabatina's own patronage hires.

30. The stated reason for Plaintiff was "frm MONTGO ROW"; nothing about being the former Register of Wills of Montgomery County was improper.

31. Plaintiff is a Republican. He was a member of the Republican party when he won the Register of Wills office in Montgomery County. Defendants knew this, as the Hit List suggests.

32. The Office of the Register of Wills has a custom and practice of politically motivated hiring and firing of employees.

33. As a direct and proximate result of Defendants' misconduct, Plaintiff has suffered injury. He lost good paying, steady job that has been difficult to replace. Plaintiff sought out and obtained alternative work, but he continues to suffer economic hardship; Plaintiff could not find replacement work at or better than the pay and benefits he earned. Plaintiff also suffers from humiliation, embarrassment, emotional distress and physical symptoms of that distress.

34. As a direct and proximate result of Defendants' conduct, Plaintiff suffered severe injuries, which include but are not limited to:

      a) Lost wages;
      b) Lost back pay;
      c) Lost future wages;
      d) Lost benefits;
      e) Embarrassment and humiliation;
      f) severe emotional distress; and
      g) other damages as described in further detail in this pleading and as will become evident through the course of discovery.

35. Defendants are liable to Plaintiff for reasonable attorney's fees and costs incurred.

**COUNT I    FIRST AMENDMENT RETALIATION**

36. Repeats and realleges paragraphs 1-35 as if set forth at length herein.

37. In *Galli v. NJ Meadowlands Comm'n*, 490 F3d 265 (3rd Cir. 2007) the Third Circuit enunciated:

> …a three-part test to establish a claim of discrimination based on political patronage in violation of the First Amendment. To make out a *prima facie* case, Galli must show that (1) she was employed at a public agency in a position that does not require political affiliation, (2) she was engaged in constitutionally protected conduct, and (3) this conduct was a substantial or motivating factor in the government's employment decision.

38. At all relevant times, Plaintiff was employed at a public agency in a position that does not require political affiliation.

39. Plaintiff engaged in Constitutionally protected conduct. To wit, he supported Tracey Gordon in her successful campaign for election; and in her unsuccessful campaign for reelection. Furthermore, Plaintiff is a Republican.

40. This conduct was a substantial or motivating factor in Defendants' determination to terminate Plaintiff.

41. Defendants' actions were taken under color of state law and Sabatina acted within the scope of his authority as the Register of Wills for the City of Philadelphia.

42. As a direct and proximate result of Defendants' unlawful actions, Plaintiff suffered harm, as set forth above and incorporated herein by reference.

5

WHEREFORE, Plaintiff, Ronald F. Holt, seeks judgment against Defendants for all equitable and monetary relief as may be awarded, including but not limited to: compensatory damages; liquidated damages; reasonable attorney's fees and costs; and all such other damages and relief available under the applicable laws.

***TRIAL BY JURY DEMANDED***

                                                 Respectfully submitted,

                                                 CREECH *&* CREECH, LLC

                                                 */s/ Timothy P. Creech*
                                                 TIMOTHY P. CREECH
                                                 1835 Market St., Suite 2710
                                                 Philadelphia, PA 19103
                                                 (215) 575-7618; Fax: (215) 575-7688
                                                 Timothy@CreechandCreech.com

DATED:       September 24, 2025